## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

------------------------------------------------------------------- x
:
MAVERICK RESALE LLC,        :      **Civil Action No. 24-cv-11226**
:
:
Plaintiff,                  :
:      **COMPLAINT AND JURY TRIAL**
v.                          :      **DEMAND**
:
TERRIFIC DEAL INC. and MARUCHAN, INC.,  :
:
Defendants.                 :      *Electronically Filed*
:
:
:
------------------------------------------------------------------- x

Plaintiff Maverick Resale LLC ("Plaintiff"), by and through its counsel, for its Complaint against Terrific Deal Inc. ("Terrific") and Maruchan, Inc. ("Maruchan") (collectively, "Defendants"), alleges as follows:

### PARTIES

1.  Plaintiff is a company organized and existing under the laws of the State of Michigan, with a place of business at 1872 Star Batt Drive, Rochester Hills, MI 48309.

2.  On information and belief, Defendant Terrific is a corporation organized and existing under the laws Indiana with a place of business at 8931 West 128th Court, Cedar Lake, Indiana 46303.

3.  On information and belief, Defendant Maruchan is a corporation organized and existing under the laws of California, with a place of business at 15800 Laguna Canyon Road, Irvine, California 92718.

4.  On information and belief, Defendants Terrific and Maruchan are associated and have a business relationship, and were each involved in committing the unlawful acts alleged herein.

-1-

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

6. Defendants are subject to general and specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

7. On information and belief, Defendant Terrific does business in the State of Michigan, sells large quantities of various products, including food products, to customers in Michigan, engages distributors based in Michigan, maintains an interactive website accessed by residents of Michigan, and otherwise avails itself of the privilege of doing business in the State of Michigan.

8. On information and belief, Defendant Maruchan does business in the State of Michigan, sells large quantities of various products, including food products, to customers in Michigan, engages distributors based in Michigan, maintains an interactive website accessed by residents of Michigan, and otherwise avails itself of the privilege of doing business in the State of Michigan.

9. Each of the Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

10. Specifically, at all relevant times, Defendants were aware the Plaintiff resided in Michigan and that their illegal acts would cause harm to Plaintiff in Michigan. Specifically, Plaintiff's Amazon storefront identifies Plaintiff's place of business in Michigan.

11. Moreover, Defendants were specifically informed of the harm that Defendants have caused to Plaintiff, and the ongoing and continuing harm that Defendants' acts have caused.

12. Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

13. Defendant Terrific is in the business of offering for sale, and selling, consumer products, including products sold under the BY THE CUP marks.

14. Defendant Terrific is the owner of U.S. Trademark Registration No. 7031150 for BY THE CUP ("the BTC Registration").

15. Defendant Maruchan is the business of manufacturing and distributing food products, including noodles, sold under the MARUCHAN trademarks.

16. On information and belief, Maruchan and Terrific entered into a business relationship such that Maruchan has endorsed and/or approved Terrific's advertising and sale of product bundles that include the MARUCHAN trademarks, including combinations of Maruchan noodles and BY THE CUP-branded products.

17. Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

18. Plaintiff resells products through an Amazon storefront.

19. Since its formation, Plaintiff has served thousands of customers through its Amazon storefront.

20. Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

**ONLINE MARKETPLACES**

21. Upon information and belief, Amazon is the world's largest online retailer.

22. According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

23. Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

24. The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

25. Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

26. Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

27. A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

28. Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

29. In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

30. Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

31. Plaintiff's Amazon storefront has amassed hundreds of reviews.

32. Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

### DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

33. On information and belief, Defendants seek to increase their profits by controlling the distribution and pricing of common products through unlawful means.

34. As demonstrated below, Defendants have engaged in a coordinated effort to preclude select third-parties from reselling genuine products on online marketplaces by false allegations of intellectual property infringement and defamation.

35. On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine products on Amazon.

36. On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

37. It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

38. As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified

> marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

39. On information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

40. On information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

41. Defendants filed complaints with Amazon that alleged that Plaintiff was selling products that infringed the BTC Registration.

42. Defendants knew, or should have known, that such allegations were false.

43. On information and belief, the complaints were submitted by Defendant Terrific under penalty of perjury.

44. For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

46. Once confirmed through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

46. On or about March 11, 2024, Plaintiff received a notice from Amazon stating as follows:

```
Hello,

We removed some of your listings because we received a report from a rights owner
that they may infringe the rights owner's trademark, which is a critical
violation. Funds will not be transferred to you but will stay in your account
while we work with you to address this issue in accordance with the Funds
Withholding Policy:
https://sellercentral.amazon.com/gp/help/external/help.html?itemID=9RA9LYBJ3QP27M
6

These are the rights owner's contact details:

--   Daniel Zamudio
--   terrific711@terrificdeal.com

Why did I receive this message?
All sellers on Amazon are expected to follow Amazon Selling Policies and Seller
Code of Conduct. We received a report from a rights owner that one or more of
your listings are inauthentic. Listing content infringing on the intellectual
property of others is against our policies.

If you need help understanding why your listings may infringe the intellectual
property rights of others, please search for "Intellectual Property Policy" in
Seller Central Help.
https://sellercentral.amazon.com/gp/help/external/201361070

What can I do to avoid account deactivation?
To avoid account deactivation, appeal or dispute the violation that led to your
account being at risk within 3 days of this notification. To do so, follow the
instructions in the banner at the top of your Account Health page in Seller
Central:
https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa

We're here to help.
```

```
If you have questions, contact us:
https://sellercentral.amazon.com/cu/contact-us/performance

To view your account performance, go to the "Account Health" page in Seller
Central:
https://sellercentral.amazon.com/performance/dashboard?reftag=email_appeal
Alternatively, select "Account Health" on the home screen of the Amazon Seller
app on your iOS or Android device. The Account Health dashboard shows how well
your account is performing against the performance metrics and policies required
to sell on Amazon.

-- Download the iOS app: https://itunes.apple.com/us/app/amazon-
seller/id794141485
https://itunes.apple.com/us/app/amazon-seller/id794141485
-- Download the Android app:
https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=
en_US
https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=
en_US

ASIN: B07FQSWWGM
Infringement type: Counterfeit
Trademark asserted: 7031150
Complaint ID: 14910677001
```

47. The above report relates to a bundle comprising MARUCHAN-brand noodles and chopsticks, which is referenced by its Amazon Standard Identification Numbers ("ASIN").

48. As demonstrated by the above report, Defendants reported to Amazon that Plaintiff was selling a counterfeit product.

49. Specifically, Defendants represented to Amazon that Plaintiff was selling a product that included a counterfeit of the mark covered by the BTC Registration.

50. Defendants' allegation that the above product was counterfeit was knowingly false and made in bad faith.

51. Plaintiff has not sold any product that contained a reproduction of the BTC trademarks.

**DEFENDANTS REFUSE TO RETRACT THEIR FALSE REPORT TO AMAZON**

52. The above false report is part of an ongoing and continuous course of conduct.

53. Plaintiff has contacted Defendants regarding the above report to Amazon, but Defendants refuse to retract the report.

**HARM TO PLAINTIFF**

54. It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

55. On information and belief, Defendants were aware that complaints to Amazon, particularly those alleging trademark infringe, result in selling suspensions.

56. As a result of the above false rights complaints, Plaintiff's entire Amazon account was suspended, resulting in a loss of all revenue.

57. On information and belief, Defendants have used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

58. At no time has Plaintiff ever sold product that infringed any of Defendants' intellectual property or other legal rights.

59. Defendants knowingly made false intellectual property rights complaints against Plaintiff.

60. Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

61. As a result of Defendants' false complaints, Plaintiff's business has been irreparably damaged.

## COUNT I - DECLARATORY JUDGMENT
(No Trademark Infringement)

62. Plaintiff realleges and incorporates all previous paragraphs.

63. Defendants have submitted one or more complaints to Amazon that state that Plaintiff sold products that infringed, *inter alia*, the BTC Registration.

64. The products sold by Plaintiff were not counterfeit.

65. At the time that Defendants submitted their complaints to Amazon, Defendants had never purchased or examined any products offered for sale by Plaintiff.

66. Defendants' complaints caused the suspension of Plaintiff's selling privileges as they relate to all products.

67. As a result of the suspension of Plaintiff's selling privileges, Plaintiff was unable to sell inventory on the Amazon.com platform.

68. Under these facts, an actual controversy exists between Plaintiff and Defendants.

69. Plaintiff is entitled to a declaratory judgment that it has not violated Defendants' trademark rights or other rights, whether under Federal or State law.

## COUNT II – DEFAMATION

70. Plaintiff realleges and incorporates all previous paragraphs.

71. Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's products infringed the BTC Registrations.

72. Plaintiff did not infringe the BTC Registration.

73. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges.

74. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

75. Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff did not sell counterfeit products.

76. Defendants' false statements are not protected by any privilege.

77. Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' (false) statements to Amazon and Plaintiff's customers.

78. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

79. Here, Defendants published statements that Plaintiff was engaged in counterfeiting, which is a criminal offense.

80. Defendants' false statements constitute defamation per se.

81. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling certain products and damage to its relationship with Amazon and its customers.

82. Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges.

83. Plaintiff is entitled to damages, costs, and fees as allowed by law.

84. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

### COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

85. Plaintiff realleges and incorporates all previous paragraphs.

86. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

87. Plaintiff is also in a contractual relationship with Amazon. Specifically, Plaintiff has entered into the Amazon Services Business Solutions Agreement ("BSA") with Amazon.

88. The BSA, including Paragraph S-1.2: (1) allows Plaintiff to list products for sale on the Amazon marketplace and promote the products; and (2) requires that Amazon process orders and remit payment to Plaintiff for sales.

89. At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

90. At all relevant times, Defendants were aware of the terms and conditions of Amazon's BSA and related policies, as well as the advantageous business relationship that comes with being an Amazon seller.

91. Defendants intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling counterfeit products.

92. Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon, including a breach of Paragraph S-1.2 of the BSA.

93. Defendants intended to cause Amazon to terminate Plaintiff's ability to sell products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

94. Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell products on Amazon.

95. Defendants' accusations of counterfeiting, made directly to Amazon, were for the improper purpose of suppressing competition.

96. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listings of products to be suspended.

97. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused the suspension of Plaintiff's selling privileges.

98. The intentions of Defendants are demonstrated by the fact that Defendants did not perform any test purchases prior to alleging that the products sold by Plaintiff were counterfeit.

99. The intentions of Defendants are demonstrated by the fact that Defendants have never offered any coherent explanation for their false reports of trademark counterfeiting.

100. Defendants' accusations were false and were made maliciously and with ill will.

101. Plaintiff has been damaged by suspension of its Amazon account and complete loss of revenue.

102. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

103. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A. An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendants, including the BTC Registration;

B. Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing complaints with Amazon and any other e-commerce platform.

  C. Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiff;

  D. An award of all damages that Plaintiff has suffered as a result of Defendants' defamation;

  E. An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

  F. An award of all costs and fees incurred in this Action; and

  G. Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated:  May 8, 2024        Respectfully submitted,

               TARTER KRINSKY & DROGIN LLP

              By:  *s/ Joseph Tiger*
                Joseph Tiger
                1350 Broadway
                New York, NY  10018
                Tel.: (212) 216-8000
                Fax: (212) 216-8001
                E-mail: jtiger@tarterkrinsky.com

                *Attorneys for Plaintiff*